jnu.law.ecf@alaska.gov

Lael A. Harrison
Assistant Attorney General
Alaska Bar No. 0811093
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: 907.465.3600
Facsimile: 907.465.3019
Email: lael.harrison@alaska.gov

*Attorney for State of Alaska Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTOPHER R. DIMICK *et al.* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE ALLSTATE CORPORATION *et al.* | ) |
| | ) |
| Defendant. | ) Case No. 3:19-cv-00262-RRB |

## MOTION TO DISMISS STATE OF ALASKA DEFENDANTS
## FOR LACK OF PROPER SERVICE

### Federal Rules of Civil Procedure 12(b)(4) and (5).

All State of Alaska defendants[1] move for dismissal of this action pursuant to

Federal Rule of Civil Procedure 12(b)(4) (insufficient process) and 12(b)(5)

---

[1] In the order in which they are listed in the case caption, these defendants are: Commissioner Lori Wing-Heier, Division of Insurance, State of Alaska; Simon Ford, Division of Insurance, State of Alaska; Alex Romero, Division of Insurance, State of Alaska; Attorney General, Kevin G. Clarkson, Alaska Department of Law, State of Alaska; Scott Leaders, Alaska Department of Law, State of Alaska; Erin Egan, Alaska Department of Law, State of Alaska; Daniel Wilkerson, Alaska Department of Law; Ronny Simons, Alaska State Troopers, State of Alaska; Brandon Elkins, Alaska State Troopers, State of Alaska; Commissioner, Amanda Price, Department of Public Safety,

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

1  (insufficient service). First, the plaintiffs did not provide any written notice of this

2  lawsuit to any State of Alaska defendant before expiration of the ninety-day deadline to

3  serve defendants after filing the complaint. Second, the plaintiffs still have not

4  attempted to serve most of the State of Alaska Defendants. The plaintiffs sent deficient

5  requests for waiver of service of process to six individual State of Alaska defendants,

6  but, in addition to the deficiencies, the State of Alaska and its officers and employees

7  are not subject to waiver-of-service rules and must be served by summons. Therefore,

8  this Court should dismiss this lawsuit as to all State of Alaska defendants because they

9  have not been issued summons and because they have not been properly served.

10

11      It appears that this action was first filed in United States District Court for the

12  District of Colorado on April 29, 2019. Federal Rule of Civil Procedure 4(m) requires

13  the plaintiff to serve all defendants within ninety days of filing the complaint. That

14  deadline passed on July 29, 2019.

15

16      In mid-September 2019, six individual State of Alaska defendants received a

17  procedurally invalid request to waive service of process.[2] The request was delivered by

18  Priority US Mail to each individual's place of work. As can been seen from the sample

19

20  _____

21  Alaska State Troopers, State of Alaska; Commissioner, Adam Crum, Alaska
    Department of Health and Social Services, State of Alaska; and Commissioner, Julie
22  Anderson, Division of Banking and Securities, State of Alaska.

23  [2]     These individuals are Kevin Clarkson, Scott Leaders, Erin Egan, Daniel
24  Wilkerson, Ronny Simmons and Amanda Price. Of these individuals, all but Trooper
    Simmons are purportedly sued in their official and individual capacities. Trooper
25  Simmons is sued only in his official capacity.

26  *Dimick v. Allstate Corp. et al*                    Case No. 3:19-cv-00262-RRB
    MOT. TO DISMISS SOA DEFENDANTS FOR
    LACK OF PROPER SERVICE                              Page 2 of 6

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

attachment, Exhibit A, the document they received does not comply with the format required by Federal Rule of Civil Procedure 4.[3] It is an amalgam of the required language, incomplete and incoherently ordered. It also appears that the complaint included with the deficient request for waiver of service was not the version of the complaint that the Court required the plaintiffs to serve.[4]

Even if the mailing had not been deficient, the State of Alaska is not subject to waiver-of-service rules. Rule 4(d), regarding waiver of service, only applies to "an individual, corporation, or association that is subject to service under Rule 4(e), 4(f), or 4(h)." The State of Alaska is subject to service under Rule 4(j), which must be done by either delivering a copy of the summons and complaint to the chief executive officer of the state or by serving a copy of the summons and complaint in the manner set out in the

---

[3]      Rule 4(d)(1)(C) requires the plaintiff to request waiver of service using the form appended to Rule 4.

[4]      At Document 29 of the Colorado District Court's docket, that Court ordered service of the accepted version of the complaint (Document 15), not the later, stricken version (Document 21—the minute order striking Document 21 is found at Document 23 of the docket). Upon cursory review, it appears that the stricken version (Document 21) was mailed to these defendants. Although the document does not contain the filing information, a date stamp, or a title indicating the version of the complaint, the caption is consistent with Document 21, not Document 15. Document 21, like the attached exemplar received by mail, uses the word "and" between individual defendants and employers in places that Document 15 does not, and orders the names of individual defendants and their official capacities differently from Document 15. For example, Document 21 and the attached exemplar, sues "Thomas Wilson, and the Allstate Corporation," but document 15 sues "Thomas Wilson, the Allstate Corporation." Document 21 and the attached exemplar sues "Lori Wing-Heier, Commissioner, Division of Insurance, State of Alaska, and Document 15 sues "Commissioner, Lori Wing-Heier, Division of Insurance, State of Alaska." And so forth.

*Dimick v. Allstate Corp. et al*                                     Case No. 3:19-cv-00262-RRB
MOT. TO DISMISS SOA DEFENDANTS FOR
LACK OF PROPER SERVICE                                              Page 3 of 6

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

Alaska Rules of Civil Procedure. Alaska Rule of Civil Procedure 4(d)(7) allows service on the State of Alaska by sending a copy of the summons and complaint by registered or certified mail to the office of the Attorney General. So even if the request for waiver had been in the proper format, and included the correct complaint, the State of Alaska defendants still would not be required to waive service.

Although it is true that pleadings filed by *pro se* parties should be liberally construed, even *pro se* litigants must comply with the rules of practice and procedure.[5] The Colorado District Court website provides a link to the standard form for requesting waiver of service,[6] and that Court was clear about which version of the complaint the plaintiff was required to serve. That Court also provides helpful information online for *pro se* litigants, including regarding how to serve defendants.[7] The deficiencies of both process and service in this case are not insignificant, but represent substantive failings to follow the Court's rules and orders.

Because the plaintiffs have not complied with even the basic requirements of Federal Rule of Civil Procedure 4, this Court should dismiss all State of Alaska defendants from this action under Rule 12(b)(4) and (5). Nothing in this motion waives the right of the State of Alaska defendants to move to dismiss the complaint against

---

[5]    *See e.g. Bullock v. Wells Fargo Bank, N.A.,* Not Reported in Fed. Supp. 2014 WL 12771140 (D. Alaska 2014).

[6]    *See* http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx

[7]    *See* http://www.cod.uscourts.gov/RepresentingYourself.aspx

*Dimick v. Allstate Corp. et al*                                    Case No. 3:19-cv-00262-RRB
MOT. TO DISMISS SOA DEFENDANTS FOR
LACK OF PROPER SERVICE                                              Page 4 of 6

them under any other subsection of Rule 12(b) including Rule 12(b)(6). If this Court denies this motion to dismiss and the plaintiffs properly serve the State of Alaska defendants, the State of Alaska defendants will file a Motion to Dismiss under Rule 12(b)(6) within the deadlines provided in Rule 12 for filing such a motion after proper service.

DATED: October 10, 2019

Respectfully submitted,

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/ Lael A. Harrison
Lael A. Harrison
Assistant Attorney General
Alaska Bar No. 0811093
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: 907.465.3600
Facsimile: 907.465.3019
Email: lael.harrison@alaska.gov

*Attorney for State of Alaska Defendants*

*Dimick v. Allstate Corp. et al*
Case No. 3:19-cv-00262-RRB
MOT. TO DISMISS SOA DEFENDANTS FOR
LACK OF PROPER SERVICE
Page 5 of 6

Case 3:19-cv-00262-RRB   Document 35   Filed 10/10/19   Page 5 of 6

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

# CERTIFICATE OF SERVICE

I certify that on October 10, 2019 the foregoing document MOTION TO

DISMISS STATE OF ALASKA DEFENDANTS FOR LACK OF PROPER SERVICE

was served via ECF on:

Christopher R. Dimick; Laura K. Dimick;   Cedric Dwight Logan
Drake W. Dimick                          Wheeler Trigg O'Donnell LLP-Denver
585 25 1/2 Road, Unit 143                370 17th Street
Grand Junction, CO 81502                 Suite 4500
                                         Denver, CO 80202-5647

                                         /s/ Jack J. Scholz
                                         Jack J. Scholz
                                         Law Office Assistant I

*Dimick v. Allstate Corp. et al*                        Case No. 3:19-cv-00262-RRB
MOT. TO DISMISS SOA DEFENDANTS FOR
LACK OF PROPER SERVICE                                   Page 6 of 6