# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTOPHER RYAN DIMICK, *et al.*, <br> Plaintiffs, <br> vs. <br> ALLSTATE INSURANCE CORPORATION, *et al.* <br> Defendants. | Case No. 3:19-cv-00262-RRB <br><br> **ORDER REGARDING MOTIONS TO DISMISS** <br> (Dockets 14 & 35) |

On April 29, 2019, Plaintiffs Christopher Ryan Dimick, Laura Kristine Dimick, Drake William Dimick, J.R.D., and D.R.D., proceeding *pro se*, filed a civil complaint in the U.S. District Court for the District of Colorado.[1] On May 3, 2019, Magistrate Judge Mix issued an order directing Plaintiffs to amend their complaint, because it failed to state a claim.[2] Subsequently, Plaintiffs filed three separate amended complaints.[3] On May 14, 2019, Defendants Allstate Corporation, Grover, Poindexter, and Wilson (the "Allstate Defendants") filed a Motion to Dismiss for failing to establish personal jurisdiction, insufficient service, and failure to state a claim.[4] Without ruling on the pending motion, the District of Colorado transferred the case to the District of Alaska on September 30, 2019.[5] Shortly after the transfer

---

[1] Docket 1.
[2] Docket 6.
[3] Dockets 8, 10, 15.
[4] Docket 14.
[5] The federal district court in Colorado found that it was the improper venue for this matter, because the matter involved property in Alaska, and no defendant resided in Colorado. Docket 32, *citing* 28 U.S.C. §1391(b).

to the District to Alaska, the parties collectively referred to in the briefing as the "State of Alaska Defendants,"[6] filed a Motion to Dismiss for insufficient process and insufficient service.[7]  This Court issued a Notice Regarding Motion to Dismiss and directed Plaintiffs to respond to the motions.[8]  The Motions to Dismiss at Dockets 14 and 35 now are ripe for consideration.

### I. **FACTS**

Plaintiffs allege that on April 28, 2017, they attempted to file an insurance claim with Allstate Corporation regarding their property at 19165 Linda Lane, Kasilof, Alaska.[9]  Plaintiffs allege a multi-faceted disagreement with Allstate Corporation regarding their policy, the claim filed, and the denial of that claim,[10] including that their insurance policy covered the property losses and other associated costs wrongly denied by Allstate Corporation.[11]

---

[6] Commissioner Lori Wing-Heier, Division of Insurance, State of Alaska; Simon Ford, Division of Insurance, State of Alaska; Alex Romero, Division of Insurance, State of Alaska; Attorney General, Kevin G. Clarkson, Alaska Department of Law, State of Alaska; Scott Leaders, Alaska Department of Law, State of Alaska; Erin Egan, Alaska Department of Law, State of Alaska; Daniel Wilkerson, Alaska Department of Law; Ronny Simons, Alaska State Troopers, State of Alaska; Brandon Elkins, Alaska State Troopers, State of Alaska; Commissioner, Amanda Price, Department of Public Safety, Alaska State Troopers, State of Alaska; Commissioner, Adam Crum, Alaska Department of Health and Social Services, State of Alaska; and Commissioner, Julie Anderson, Division of Banking and Securities, State of Alaska.
[7] Docket 35.
[8] Docket 36.
[9] Docket 15 at 33.
[10] *Id.* at 30—45.
[11] Based upon an exhibit filed by Plaintiffs, there is an insurance fraud investigation against Plaintiffs related to the underlying claim.  Docket 40 at 23.

Specifically, Plaintiffs allege that their residence was contaminated by toxic mold causing physical injuries and property damage.[12] Plaintiffs allege that they required medical attention for their exposure to mold, suffered a loss of personal property, and had to vacate the dwelling due to the mold. During the course of the insurance claim, Plaintiffs left Alaska to reside in Colorado.[13] They argue that although this left the property uninhabited, the property was not "abandoned." Rather, they allege that they continued to make payments on the property, that the mortgage was paid off early, and that the property was fully insured.

Plaintiffs allege that Allstate Corporation, first through its claims agents and later its attorneys, falsified documents and reports related to their claims.[14] Additionally, Plaintiffs allege that their private information was shared between a government agent and Allstate Corporation.[15] Plaintiffs further allege that Allstate Corporation and its agents trespassed on the Plaintiffs' property and invaded their privacy.[16]

Plaintiffs allege a host of violations of state and federal privacy and information request statutes by state and federal agencies.[17] They allege that these agencies either did not comply with their requests or shared information

---

[12] *See* Docket 15.
[13] *Id.* at 33.
[14] *Id.* at 30—45.
[15] *Id.* at 36.
[16] *See Id.* at 36—45.
[17] *Id.* at 37—45.

inappropriately. Additionally, they allege, without specificity, civil rights violations by state and federal agencies, and twelve specific causes of action: (1) breach of contract, (2) gross negligence, (3) invasion of privacy, (4) negligent and intentional infliction of emotional distress, (5) fraudulent concealment, (6) trespass, (7) conversion, (8) breach of the implied covenant of good faith and fair dealing, (9) fraud, (10) civil theft, (11) products and strict liability, and (12) violations of the Alaska Consumer Protection Act.

## II. **JURISDICTION**

The United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[18] In a federal court proceeding, a jurisdictional defect may be raised at any time.[19] The Court requires either subject matter or diversity jurisdiction in order to go forward.[20]

A. Subject Matter Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[21] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[22] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and

---

[18] *United States v. Hays*, 515 U.S. 737, 742 (1995).
[19] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).
[20] This analysis is distinct from determining proper *venue*, which the Colorado District Court determined was more appropriate in Alaska than in Colorado.
[21] BLACK'S LAW DICTIONARY (9th ed. 2009) (definition of "jurisdiction").
[22] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

statute."[23] This means that the Court has the authority to hear only specified types of cases.[24] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[25]

1. Federal Question

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[26] In order for a plaintiff to establish federal question jurisdiction it must be (1) clear on the face of the complaint an issue of federal law exists, and (2) that federal law created a cause of action for the plaintiff to seek relief.[27] Plaintiffs' Complaint cites to four amendments of the U.S. Constitution, eleven federal statutory provisions, the Colorado Constitution, the Alaska Constitution, and Alaska statutes.[28]

State statute and state constitutional claims do not establish federal question jurisdiction, because they are not federal law. Moreover, a majority of the statutes cited do not provide a private cause of action giving a private citizen standing to

---

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).
[24] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006)); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).
[25] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).
[26] 28 U.S.C. § 1331.
[27] *See Louisville & N.R.R. v. Mottley*, 219 U.S. 467 (1911); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27—28 (1983).
[28] Docket 15 at 4.

sue in federal court for damages.[29] However, because this Court finds that diversity jurisdiction applies, it need not examine more closely whether it has federal question jurisdiction.

   2.   <u>Diversity Jurisdiction</u>

Even in the absence of a federal question, federal district courts have original jurisdiction over civil lawsuits where the amount in controversy exceeds $75,000.00 and is between citizens of different states or foreign states.[30] Diversity jurisdiction requires that the plaintiff has "citizenship which is diverse from that of every defendant."[31] This means that this Court could have jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates citizenship of a different state than the citizenship of each of the defendants.[32]

The Fourth Amended Complaint alleges that the Plaintiffs reside in Colorado.[33] Indeed, Plaintiffs resided in Colorado when they filed this lawsuit regarding their property located in Alaska, and concede that they have not recently lived in the Alaska property at issue here. For purposes of diversity jurisdiction,

---

[29] For instance, a private citizen may sue a federal agency for denying a request under the Freedom of Information Act, but if the citizen prevails the statute does not create a private cause of action for money damages. *See* 5 U.S.C. § 552, *et seq*.
[30] 28 U.S.C. § 1332.
[31] *Id.*; *see Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).
[32] *Id.* (quoting *Kokkonen*, 511 U.S. at 377). However, if *any* defendant is a citizen of the same state as the plaintiff, then no diversity jurisdiction exists. *Id.*
[33] *See* Docket 15.

Plaintiffs are citizens of the state of Colorado. By their own admission, they moved to Colorado prior to the filing of this lawsuit, and have not recently lived on the Alaska property at issue here. None of the Defendants appear to have Colorado citizenship,[34] and the amount in controversy exceeds the statutory threshold. Accordingly, until this Court is informed otherwise, it assumes diversity jurisdiction over the matter.

### III.  MOTIONS TO DISMISS

Defendants identified collectively as "the Allstate Defendants"[35] and "the State of Alaska Defendants" have filed separate motions to dismiss. The remaining 17 named defendants have not appeared, and presumably have not been served.

The Allstate Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6),[36] arguing that Plaintiffs' Fourth Amended Complaint was never properly served and does not state a claim.[37] Plaintiffs have had the opportunity to oppose, and the Allstate Defendants have replied.[38]

---

[34] Defendant Allstate Insurance Company is incorporated under the laws of the State of Illinois. Docket 15 at 4.
[35] The Allstate Corporation, including Thomas Wilson (Allstate CEO) and Edward S. Grover (Allstate employee). Although the motion at Docket 14 also was filed on behalf of Julie Poindexter, Ms. Poindexter was not named as a defendant in the subsequent fourth Amended Complaint at Docket 15.
[36] The Allstate Defendants abandoned the argument under Rule 12(b)(2) that the Court lacked personal jurisdiction after the matter was moved to the District of Alaska. Docket 44.
[37] Docket 14. Supplement at Docket 17.
[38] *See* Docket 40 & 44.

Similarly, the State of Alaska Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), arguing that they have not been issued summons and have not been properly served pursuant to Fed. R. Civ. P. 4(j)(2).[39] Plaintiffs have responded, and the State of Alaska Defendants have replied.[40]

A. <u>Insufficient Service—Fed. R. Civ. P. 12(b)(4) & 12(b)(5)</u>

The Court first considers the matter of service. Fed. R. Civ. P. 12(b)(4) allows a defendant to move for dismissal due to insufficient process, and 12(b)(5) allows for dismissal in the event of insufficient service of process. The Alaska Defendants and the Allstate Defendants complain generally that: (1) Plaintiffs did not provide any written notice of this lawsuit prior to the 90 day deadline to serve after filing the complaint;[41] (2) Plaintiffs have not attempted to serve most of the State of Alaska Defendants;[42] (3) Plaintiffs have attempted to request "waiver of service," which is inadequate service for State of Alaska officers and employees who must be served by summons;[43] (4) the summons which were served were defective for lack of date, signature, and Clerk seal;[44] and (5) even after this matter was transferred to Alaska, Plaintiffs still have not properly served the Defendants.[45]

---

[39] Docket 35.
[40] Dockets 45 & 46.
[41] Docket 35 at 2.
[42] *Id.*
[43] *Id.*
[44] Docket 14 at 3.
[45] Docket 35 at 2.

Plaintiffs maintain that service was adequate under various provisions of Rule 4, such as subsections (d), (e), (f), or (h).[46] But Plaintiffs fail to recognize that it is Rule 4(j) that dictates service of state and local governments, who are not subject to waiver of service under Rule 4(d).

Moreover, although service of a corporation such as Allstate allows for a waiver under Rule 4(d), Allstate alleges that it has only been "served" via defective summons,[47] a flaw that has not been cured by the filing of a Fourth Amended Complaint or transfer of this case to the District of Alaska.[48] Plaintiffs do not allege that they sought a waiver from Allstate.

Finally, as noted above, there is no indication that Plaintiffs have served any of the other 17 defendants.

The Plaintiffs must follow the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Alaska in serving the Defendants. Under the Federal Rules, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[49]

---

[46] Docket 45 at 3.
[47] Docket 14.
[48] Docket 17.
[49] Fed. R. Civ. P. 4(m).

Plaintiffs previously have been warned by the District of Colorado, and now the District of Alaska, of the possibility of dismissal for failure to serve.[50] Because Plaintiffs are *pro se* litigants, the Court will grant Plaintiffs one final opportunity to complete service on the Defendants. The Court will issue a separate order which will direct Plaintiffs how to properly serve the defendants, which will include a 90 day deadline from the date of that order. Plaintiffs will need to follow the specific instructions provided by the Court, serve the Defendants, and file proof of service with the Court.[51] Otherwise, this action will be dismissed without further notice.

B. <u>Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)</u>

The Allstate Defendants take their Motion to Dismiss an additional step, seeking dismissal for failure to state a claim upon which relief can be granted:

> Despite being fifty-five pages in length, the Complaint does not allege facts demonstrating that Plaintiffs are entitled to any relief. (ECF No. 14. at 5-6.) Plaintiffs allege violations of "civil rights," "constitutional rights state and federal," "conspiracy to obstruct justice," and other vague charges. (ECF No. 15. at ¶ 1.) Allstate is in particular alleged to have committed "insurance fraud" and "violations of criminal law," including "child endangerment" and "pet abuse." (*Id.* ¶ 5.) Plaintiffs appear to complain that Allstate denied their claim for mold-related damages at their previous residence in Alaska (*id.* ¶ 35), but they do not allege any facts indicating that they were entitled to coverage for these alleged damages. Plaintiffs also allege that Allstate hired lawyers in Alaska who allegedly reported "inaccurate and false facts during the course of ongoing investigations" (*id.* at ¶ 36), but the nature of the "investigations" and

---

[50] *See* Docket 19.
[51] Due to the COVID-19 pandemic, all civil cases have been stayed in the U.S. District Court for the District of Alaska. Instructions regarding the progression of this case and court operations are included at the end of this order.

the alleged misrepresentations are not stated. . . . [C]ourts routinely dismiss complaints that are obscure, confusing, and vague. (ECF No. 14 at 6.) Plaintiffs Complaint should also be dismissed here.[52]

The District of Colorado provided Plaintiffs with three opportunities to amend their Complaint to state a colorable claim.[53] The District of Colorado instructed as follows:

> Plaintiffs were instructed that their complaint must contain (1) a short and plain statement of the grounds for the courts [sic] jurisdiction...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed.R.Civ.P. 8. Plaintiffs original complaint (ECF #1) is devoid of these basic requirements of pleading and thus subject to dismissal as stated by Magistrate Judge Mix. *See* Order directing Plaintiffs to file an amended complaint (ECF #6). On May 7, 2019 and May 9, 2019, Plaintiffs filed documents titled complaint. (ECF #8 and ECF #10). Other than some changes to the list of Defendants, these complaints are substantially similar to the original complaint and also fail to meet the pleading requirements of Rule 8 for the same reasons as set forth in Magistrate Judge Mixs Order. As it is incumbent upon the Court to liberally construe Plaintiffs [sic] *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court will afford Plaintiffs one final opportunity to file an amended complaint complying with Rule 8 as outlined in Magistrate Judge Mixs Order . . . Plaintiffs are again encouraged to seek the guidance of the Federal Pro Se Clinic [and] will not be charged any fee for the lawyers [sic] time and assistance.[54]

This Court now reviews the Fourth Amended Complaint at Docket 15. In contrast with the single page "Statement of Claim" in the Third Amended Complaint,[55] Plaintiffs' Fourth Amended Complaint contains a 15-page Statement of Facts and identifies 12 specific causes of action: (1) breach of contract,

---

[52] Docket 17 at 5.
[53] Dockets 6, 9, and 11, with Amended Complaints at Dockets 8, 10, and 15.
[54] Docket 11.
[55] *See* Docket 10 at 21.

(2) gross negligence, (3) invasion of privacy, (4) negligent and intentional infliction of emotional distress, (5) fraudulent concealment, (6) trespass, (7) conversion, (8) breach of the implied covenant of good faith and fair dealing, (9) fraud, (10) civil theft, (11) products and strict liability, and (12) violations of the Alaska Consumer Protection Act.[56]

Federal courts are instructed to "liberally construe the inartful pleading of *pro se* litigants."[57] This principle of interpretation relaxes the general standards of a court and allows *pro se* plaintiffs leeway when attempting to explain or establish a legal claim. For example, liberal construction may be applied where a *pro se* plaintiff misstates or miscites the law, misapplies a legal standard or procedure, or has a complaint riddled with drafting errors.

Liberal construction does not override Fed. R. Civ. P. 8 which requires "a short and plain statement of the claim showing that the pleading is entitled to relief." Neither can the Court fully disregard the standards from *Twombly* or *Iqbal*, where the United States Supreme Court established that pleadings must "state a claim that is plausible on its face"[58] and that courts must "consider the factual allegations in [a] complaint to determine if they plausibly suggest an entitlement to relief."[59] The Ninth Circuit Court of Appeals has held that courts must balance these

---

[56] Docket 15 at 30—54.
[57] *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).
[58] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[59] *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009).

principles and that "[w]hile the standard is higher [under *Iqbal*], our obligation remains, where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."[60]

Liberal construction means that *pro se* litigants are "relieved from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them."[61] Liberal construction does not mean that the court is required to supply essential elements of the claim that were not initially plead.[62]

Although a *pro se* litigant "may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."[63] Though inartful, the core of Plaintiffs' causes of action reflect a disagreement between the Plaintiffs and the Allstate Defendants over an insurance policy. Under this light of liberal construction, at present, the Court finds sufficient factual pleading to give notice to the Allstate Defendants of their alleged wrongdoing.

Accordingly, the Court DENIES the Allstate Defendants' Motion to Dismiss at Docket 14 WITHOUT PREJUDICE.

---

[60] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
[61] *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).
[62] *See Byrd v. Maricopa Cty. Sheriff's Dep't.*, 629 F.3d 1135, 1140 (9th Cir. 2011) (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).
[63] *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**IT IS THEREFORE ORDERED:**

1. This Court has diversity jurisdiction to hear this matter.

2. The Motions to Dismiss at Docket nos. 14 and 35 are DENIED WITHOUT PREJUDICE.

3. Plaintiff is advised that on March 30, 2020, the Court issued Miscellaneous General Order 20-11 ("MGO 20-11") in response to the current coronavirus disease (COVID-19) pandemic.[64] In MGO 20-11, the Court found that national, state, and municipal emergency declarations, in addition to public health and safety guidance, have caused significant disruption to government agencies, businesses, and individual litigants. In order to avoid default or prejudice to any parties, the Court imposed a stay in all civil proceedings, including this case. A stay is a "postponement or halting of a proceeding [or] judgment[.]"[65] This means that all current filing deadlines are suspended, and no further action will be taken in this case at this time. The stay will remain in place until May 1, 2020, unless the Court orders the stay end on a different date.

4. The Court shall issue an Order Directing Service and Response upon the lifting of the stay. Upon the issuance of that order, the Plaintiffs will have ninety (90) days to follow the directions on how to complete service upon each Defendant.

**IT IS SO ORDERED.**

IT IS SO ORDERED this 10th day of April, 2020, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[64] Miscellaneous General Order 20-11 (available at: https://www.akd.uscourts.gov/sites/akd/files/20-11_MGO_Suspension_of_Proceedings.pdf).
[65] BLACK'S LAW DICTIONARY (11th ed. 2019).